-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AURIEL SMITH,

        Plaintiff,

    -v-

MARK BRADT, Superintendent, et al.,

        Defendants.

DECISION AND ORDER
13-CV-0447M

---

On December 2, 2013, the Court (Hon. Frank P. Geraci, Jr.), inter alia, granted plaintiff permission to proceed *in forma pauperis*, dismissed certain claims pled in the complaint, directed the summons and complaint to be served upon defendants Mark Bradt and W. Hughes by the United States Marshals Service and requested,[1] pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), that the New York State Attorney General's Office, Buffalo Region, attempted to ascertain and advise the Court of the full names of the John Doe defendants named in the complaint, and provide the addresses where the John Doe defendants can currently be served. The complaint alleged that the John Doe defendants retaliated against plaintiff for filing grievances at the Attica Correctional Facility by pulling him out of his cell and assaulting him.

The Attorney General's Office submitted a letter to United States Magistrate Jeremiah J. McCarthy, to whom this matter is assigned directly, advising the Court that after speaking with personnel at the Attica Correctional Facility, Attica could not identify the

---

[1] Summons have been issued for service upon Bradt and Hughes and forwarded to the Marshals Service for service upon said defendants.

John Doe defendants because it had no documentation concerning any alleged incident involving plaintiff on or around the date of the incident alleged in the complaint (January 5, 2013). Consequently, there was no information to provide plaintiff or the Court regarding the identities of the John Doe defendants.

The Court therefore directs that plaintiff must attempt to ascertain the identities of the John Doe defendants through discovery from the defendants upon their appearance in this action.[2]

SO ORDERED.

Dated: JAN. 29, 2014
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge

---

[2] Plaintiff is advised that the statute of limitations for actions filed under 42 U.S.C. § 1983 is three years, *Owens v. Okure*, 488 U.S. 235, 251 (1989), and he will need to identify the John Doe defendants through discovery and move to amend the caption to add them to this action within that time period. See *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) ("[E]ven when a suit is brought by a *pro se* litigant, an amended complaint adding new defendants cannot relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.") (citing *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995), *opinion amended*, 74 F.3d 1366 (2d Cir. 1996)).

2