UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Aurel Smith,

    Plaintiff,

v.                                          13-CV-447
                                             Decision and Order

Mark Bradt, et al.,

    Defendants.

On May 1, 2013, plaintiff Aurel Smith commenced this action pro se. Docket Item 1. On February 5, 2015, Judge Richard J. Arcara referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 37. On March 8, 2016, the case was reassigned from Judge Arcara to the undersigned. Docket Item 56.

On June 10, 2015, the defendants moved to dismiss for failure to state a claim and for judgment on the pleadings, Docket Item 51; on June 26, 2015, the plaintiff responded, Docket Item 52; and on July 17, 2015, the defendants replied, Docket Item 54. On September 14, 2016, Judge McCarthy issued a Report and Recommendation finding that the defendants' motion should be granted in part and denied in part. Docket Item 57. On October 3, 2016, the defendants objected to the R&R, arguing that the complaint should be dismissed because of their qualified

immunity. Docket Item 58. The plaintiff responded to the objection on January 18, 2018.[1]

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must review de novo those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough R&R, the objection and response, and the pleadings and other materials submitted by the parties. Based on that review, the Court accepts and adopts Judge MCarthy's recommendation to grant the defendants' motion in part and deny it in part.

There is a difference between not knowing whether one's personal involvement is enough to subject that person to liability for a constitutional violation and not knowing whether the person's substantive conduct is, in fact, a constitutional violation. Here, the defendants conflate these concepts. The defendants may well be correct that it was not established that a defendant might be held personally liable for simply ignoring an inmate's letter complaining about serious health concerns. But the fact that such allegations might not have established the personal involvement necessary for liability of a particular defendant does not mean that the defendant's conduct "does not violate

---

[1] After the plaintiff did not file any response to the defendants' objection to the R&R, on November 22, 2017, the defendants moved to dismiss for failure to prosecute. Docket Item 62. Because the plaintiff is pro se, this Court gave him an opportunity to respond before considering the motion. Docket Item 63. The plaintiff responded that he had never received the objection to the R&R, Docket Item 64, and so this Court set a briefing schedule and instructed the defendants to send a copy of the objection to the plaintiff. Docket Item 65. The plaintiff then filed his response to the defendants' objection to the R&R. Docket Item 68. For whatever reason, the pro se plaintiff's response took some time, but it now is clear that he intends to prosecute this case.

clearly established constitutional rights which a reasonable person should have known." *See* Docket Item 58 at 4 (*citing Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Stated another way, defendant Hughes may not have known whether he could be held personally liable for simply ignoring the plaintiff's complaint that was referred to him by defendant Bradt. But that does not entitle him to qualified immunity because he certainly should have known that ignoring an inmate's complaint about a serious health concern might well violate that inmate's constitutional rights.

For the reasons stated above and in the Report and Recommendation, the defendants' motion to dismiss or for judgment on the pleadings, Docket Item 51, is GRANTED in part and DENIED in part. More specifically, the defendants' motion to dismiss the amended complaint is granted insofar as it seeks dismissal of Count Six with prejudice and Count One without prejudice as against only defendant Bradt, and is otherwise denied. Additionally, the defendants' motion to dismiss for lack of prosecution, Docket Item 62, is DENIED. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of February 5, 2015, Docket Item 37.

SO ORDERED.

Dated: May 18, 2018
Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
United States District Judge