UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AUREL SMITH,

      Plaintiff,

v.                                                      13-cv-447 (JLS) (JJM)

MARK BRADT, Superintendent, et al.,

      Defendants.

---

## DECISION AND ORDER

Plaintiff Aurel Smith commenced this action on May 1, 2013, alleging claims pursuant to 42 U.S.C. § 1983 that arose from his incarceration at Attica Correctional Facility ("Attica"). Dkt. 1; *see also* Dkt. 19-1.[1] As relevant here, Smith alleges that his exposure to environmental tobacco smoke ("ETS") while at Attica violated his Eighth Amendment rights. Dkt. 19-1, at 17-18.

United States Magistrate Judge Jeremiah J. McCarthy was designated under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C) to hear and determine, and to report and recommend on, all matters in this case. Dkt. 37. After the Court resolved Defendants' motions to dismiss,[2] Defendant Hughes—the remaining defendant—moved for summary judgment on May 21, 2019. Dkt. 99. Smith responded in opposition on July 2, 2019, and Hughes replied on July 11, 2019. Dkts. 106, 107,

---

[1] Smith was granted, in part, leave to amend, at which time his amended complaint (Dkt. 19-1) became the operative pleading.
[2] Hon. Lawrence J. Vilardo decided Defendants' motions to dismiss. Dkt. 70. Later, this case was reassigned to the undersigned. Dkt. 109.

108. And on January 14, 2020, Judge McCarthy issued a Report and Recommendation ("R&R"), recommending that this Court grant Hughes's motion for summary judgment. Dkt. 110.

The R&R concludes that the Court should grant Hughes summary judgment because Smith did not establish sufficiently serious present or future harm based on his exposure to ETS—one of which Smith must prove to prevail on his Eighth Amendment claim. *See* Dkt. 110, at 12-18. It also considers Hughes's argument that he lacked the necessary personal involvement in Smith's exposure to ETS and concludes that issues of fact preclude summary judgment for Hughes on that ground. *See id.* at 6-8. And the R&R discusses Hughes's argument that Smith did not exhaust his administrative remedies, as the Prison Litigation Reform Act requires, before concluding that it need not determine whether Smith is excused from exhausting. *See id.* at 8-11.

Smith objected to the R&R on January 28, 2020. Dkt. 111. Specifically, he objects to the recommendation that the Court grant Hughes summary judgment on his Eighth Amendment claim—including the conclusions regarding both present and future harm. *See* Dkt. 111, at 6-10.[3] He also objects to the analysis of Hughes's exhaustion argument, to the extent that analysis "can be interpreted to recommend a finding that Mr. Smith failed to exhaust his administrative remedies." *Id.* at 1-2. Hughes responded in opposition to Smith's objections on February 11, 2020, but did

---

[3] Page references are to the numbering that appears in the footer of each page.

2

not raise any additional objections. Dkt. 113. Smith filed a reply on March 3, 2020. Dkt. 114.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court carefully reviewed the R&R, the briefing on objections, and the relevant record. Based on that *de novo* review, the Court accepts Judge McCarthy's recommendation to grant Hughes's motion for summary judgment. The Court adopts the R&R's analysis regarding Hughes's personal involvement and Smith's Eighth Amendment claim and, because it need not reach Hughes's alternative exhaustion argument, the Court declines to adopt the R&R's analysis of that issue.

For the reasons stated in the R&R, together with those stated here, the Court GRANTS Hughes's motion for summary judgment (Dkt. 99). Smith's amended complaint (Dkt. 19-1) is DISMISSED, with prejudice. The Clerk of Court shall close this case.

SO ORDERED.

Dated:   September 9, 2020
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE